**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Redwood Liquidating Co.,<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 22-10621 (BLS) |
| Oxford Finance LLC,<br><br>Plaintiff,<br><br>v.<br><br>Redwood Liquidating Co., Jason Myers, Dana Moss, and Harish Soundararajan,<br><br>Defendants. | Adv. Proc. No. 25-51853 (BLS)<br><br>**Re: Adv. D.I. 87** |

**OXFORD FINANCE LLC'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING OXFORD FINANCE LLC TO FILE UNDER SEAL OXFORD FINANCE LLC'S OBJECTION TO REDWOOD'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**

Oxford Finance LLC ("Oxford"), plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), by its undersigned counsel, moves this Court (the "Motion") for entry of an order, the proposed form of which is attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Sections 105 and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Oxford to file under seal *Oxford Finance LLC's Objection to Redwood's Motion for Attorneys' Fees, Costs and Expenses* [Adv. D.I. 87] (the "Objection").[1] In support of the Motion, Oxford respectfully states

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Objection.

as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested herein are Sections 105 and 107 of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

**RELEVANT BACKGROUND**

3. On July 11, 2022, Redwood Liquidating Co. (f/k/a GenapSys Inc.) ("Redwood") commenced a voluntary case in this Court under Chapter 11 of the Bankruptcy Code.

4. On January 6, 2023, this Court entered the *Order Confirming the Debtor's Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [D.I. 430]. The effective date occurred on January 13, 2023. *See* D.I. 438.

5. On June 30, 2023, Redwood initiated a lawsuit against its former corporate counsel ("Former Corporate Counsel") asserting a claim for legal malpractice (the "Malpractice Action").

6. Redwood and Former Corporate Counsel entered into a confidential settlement agreement resolving the Malpractice Action.

7. On August 5, 2025, Oxford initiated this Adversary Proceeding by filing a complaint [D.I. 1] (the "Complaint") against Redwood and certain of its former officers and directors seeking, among other things, a declaratory judgment that Oxford is the owner of and entitled to recovery from the Malpractice Action.

8. At the request of Former Corporate Counsel, Oxford agreed to treat certain limited information as confidential and, for this reason, filed the Complaint under seal. *See Order Authorizing Oxford Finance LLC to Redact Certain Confidential Information in Connection with the Complaint* [Adv. D.I. 17] (the "Redaction Order").

9. On June 18, 2026, the Court issued an opinion [Adv. D.I. 61] and order [Adv. D.I. 62] granting motions to dismiss the Complaint by the defendants.

10. On August 10, 2026, Redwood filed *Redwood's Motion for Attorneys' Fees, Costs and Expenses Pursuant to Sale Order and Asset Purchase Agreement* [Adv. D.I. 82] under seal.

11. On August 24, 2026, Oxford filed the Objection. The Objection contains confidential and/or commercially sensitive information, including information related to the settlement of the Malpractice Action (the "Confidential Information"). Consistent with Oxford's prior agreement with Former Corporate Counsel, and this Court's prior Redaction Order, Oxford submits that the Confidential Information should be protected under Section 107(b) of the Bankruptcy Code.

**RELIEF REQUESTED**

12. By this Motion, Oxford respectfully requests that the Court enter the Proposed Order, pursuant to Sections 105 and 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, (i) authorizing Oxford to file the Objection under seal, (ii) authorizing Oxford to file a version of the Objection redacting the Confidential Information, and (iii) granting such further relief as the Court deems appropriate.

**BASIS FOR RELIEF**

13. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part, that "[o]n request of a

party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14. Bankruptcy Rule 9018 sets forth the procedures for application made pursuant to Section 107 of the Bankruptcy Code, and provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

15. Local Rule 9018-1(d) further provides, in relevant part, that "any filer seeking to file a document . . . under seal must file a motion requesting such relief…" Del. Bankr. L.R. 9018-1(d)(i).

16. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.),* 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, if the material sought to be protected satisfies one of the categories identified in Section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *See Orion Pictures*, 21 F.3d at 27 (emphasis in original).

17. The Court has broad authority to issue a protective order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the

requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

18. The Court has defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them with information as to the commercial operations of [an entity].'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *Orion Pictures*, 21 F.3d at 27-28). Moreover, commercial information need only be confidential and commercial in nature; it need not rise to the level of a trade secret to be protected under Section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 28 (noting that an interested party has only to show that the information to be sealed is "confidential and commercial" in nature). Commercial information includes any information that, if disclosed publicly, would place an entity at a competitive disadvantage. *See, e.g.*, *Orion Pictures*, 21 F.3d at 27 (defining commercial information as information that would provide an "unfair advantage to competitors").

19. Here, cause exists to seal and redact the Confidential Information contained in the Objection because it is information that is subject to Oxford's confidentiality obligations. Sealing is appropriate to avoid the risk of violating those obligations, as well as the risk of impairing Former Corporate Counsel's commercial and litigation interests. Accordingly, pursuant to Section 107(b), Bankruptcy Rule 9018 and Local Rule 9018-1(d), Oxford respectfully requests that this Court permit the filing of a redacted version of the Objection to protect the Confidential Information.

**CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)**

20. To the best of the knowledge, information, and belief of the undersigned counsel to Oxford, the Objection contains information that is confidential, as contemplated by Local Rule 9018-1(d)(iii). Oxford and Former Corporate Counsel have previously conferred regarding the type of information that Former Corporate Counsel seeks to protect as confidential and Oxford will file a redacted version of the Objection that is consistent with its discussions with Former Corporate Counsel.

**NOTICE**

21. Notice of this Motion will be given to the following parties: (a) the U.S. Trustee; and (b) counsel to the Defendants. In light of the nature of the relief requested in this Motion, Oxford respectfully submits that no further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, Oxford respectfully requests entry of the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: August 27, 2026
Wilmington, Delaware

BAYARD, P.A.

*<u>/s/ Kevin G. Collins</u>*

Neil B. Glassman (No. 2087)
Ericka F. Johnson (No. 5024)
Kevin G. Collins (No. 5149)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail: nglassman@bayardlaw.com
ejohnson@bayardlaw.com
kcollins@bayardlaw.com

-and-

GLENN AGRE BERGMAN & FUENTES LLP
Andrew K. Glenn
Marissa E. Miller
Megan M. Reilly
Richard C. Ramirez
1185 Avenue of the Americas
22nd Floor
New York, NY 10036
Telephone: (212) 970-1600
E-mail: aglenn@glennagre.com
mmiller@glennagre.com
mreilly@glennagre.com
rramirez@glennagre.com

*Counsel for Oxford Finance LLC*